217 [decided herewith]). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANTONIO GARCIA PENA, Appellant. [706 NYS2d 384] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered December 2, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility. There was ample evidence of defendant's active participation in the transaction, including evidence that, in showing the undercover officer the location of the drug operation, defendant said "we moved down to the basement" and that defendant directed a codefendant to let the officer enter the door at the bottom of the outside basement stairs (see, People v Velasquez, 249 AD2d 11, lv denied 92 NY2d 883). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ In the Matter of FRANK SKELLY et al., Appellants, v WADE S. WILLET, Respondent. [705 NYS2d 227] —Order, Supreme Court, New York County (Joan Madden, J.), entered October 21, 1999, which, in a proceeding to stay an arbitration demanded by respondent under the rules of the National Association of Securities Dealers (NASD), granted respondent's motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, with costs.

There is no merit to petitioners' claim that their resignation from the NASD voided any duty they have to arbitrate respondent's claim that, as principals of respondent's employer, they caused respondent's constructive discharge in retaliation for his having reported illegal trading activities to the NASD (see, Matter of Dunay v Weisglass, 54 NY2d 25, 32-33; McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 170, lv denied 67 NY2d 606, citing Coudert v Paine Webber Jackson & Curtis, 705 F2d 78, 81). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. VIJAY MANOHAR GOKHALE, Admitted in 1983, at a Term of the Appellate Division, Third Department. [713 NYS2d 678] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the

date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [*See,* 240 AD2d 106.]